FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

98 NOV -5 PM 12:06

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | |
|---|---|
| JAMES CHAMBERS, as Executor of the Estate of Clyde M. Chambers, deceased | }<br>}<br>} |
| Plaintiff | } CIVIL ACTION NO.<br>}<br>} 98-AR-1549-M |
| vs. | }<br>} |
| GOODYEAR TIRE & RUBBER COMPANY, INC., | }<br>}<br>} |
| Defendant | } |

ENTERED

NOV 5 1998

## MEMORANDUM OPINION

The court has for consideration two motions filed by plaintiff, James Chambers, as Executor of the Estate of Clyde M. Chambers, deceased. The first motion asks the court to "review" (amend) the pre-judgment interest award. The second motion asks for an award of attorneys fees.

Plaintiff argues that defendant, Goodyear Tire & Rubber Company, was wrong to resist 18% per annum as the appropriate pre-judgment interest rate. The award of interest <u>was</u> based on a rate of 18%, although the total interest award was less than plaintiff asked for. As admitted by plaintiff in his "Reply in Support of Pre-Judgment Interest of 18%," "an amount of pre-judgment interest in an ERISA case is a matter 'committed to the sound discretion of the trial court,'" citing *Moon v. American Home Assurance Co.*, 888 F.2d 86, 89-90 (11th Cir. 1989). The court has already exercised

1

31

its discretion with respect to the fixing of interest and is satisfied that it did not abuse that discretion. The parties agreed to submit the matter of pre-judgment interest to the court's best judgment. Goodyear cannot complain of a result that it does not like, and neither can plaintiff.

Plaintiff asks attorneys fees in the amount of $15,168.50. The offer made by Goodyear pursuant to Rule 68, F.R.Civ.P., and accepted by plaintiff was for $29,000, plus accrued costs, plus interest to the extent granted by the court. Implicit in Goodyear's express willingness to refer the interest question to the court was the understanding that there would be no reference to the court of a question of attorneys fees. It is true that Goodyear might have avoided this controversy if its Rule 68 offer had expressly precluded any award of attorneys fees over and above the $29,000 offer, but the court finds that Goodyear's offer was sufficiently clear to put plaintiff on notice that the $29,000 was intended to include attorneys fees, if any, while recognizing a possible pre-judgment interest obligation. Not only was the intent of the Rule 68 offer clear to the effect that there would be no remaining issue for the court to decide except for its determination of the amount of pre-judgment interest, but this court agrees with the Sixth Circuit's *Ford v. Uniroyal Pension Plan*, __ F.3d __, 1998 WL 55878, that ERISA's prohibition against punitive damages acts as some limitation on the amount of attorneys fees to be

2

awarded an ERISA beneficiary who prevails. Even if the court were to allow an alleged misunderstanding of Goodyear's Rule 68 offer to leave open the possibility of an award of attorneys fees, ERISA does not <u>command</u> the awarding of attorneys fees to a prevailing plaintiff based on the traditional lodestar calculation as in a Title VII case. Instead, it leaves the court with the broadest of discretion to be exercised after considering the amount in controversy and the need to send defendant a message commensurate with its degree of culpability. Any attorneys fee award to plaintiff in this case would constitute overcompensation and would be unduly punitive. This court would decline to award attorneys fees in an exercise of its discretion even if the Rule 68 offer had been ambiguous on the subject, something it was not.

Appropriate, separate orders will be entered.

DONE this 5th day of November, 1998.

/s/ William M. Acker

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE